UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 8 2013

Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|

UNITED STATES OF AMERICA        )
                                  )
             v.                     )      Criminal No. 90-27-01
                                  )
MICHELLE ASHTON,          )
                                  )
       Defendant.        )
                                  )

## MEMORANDUM OPINION

Before the Court is defendant Michelle Ashton's Motion [120] to Vacate Sentence pursuant to 28 U.S.C. § 2255. Defendant claims that her Sixth Amendment right to a jury trial was violated when the trial judge instructed the jury that the question of materiality was a matter for the court to determine. Defendant moves the Court to vacate her convictions and sentence. Upon consideration of the Motion [120], defendant's Memorandum of Points and Authorities in Support of Motion [139], the government's Opposition [146], the entire record herein, and the applicable law, defendant's Motion will be DENIED.

## I.    BACKGROUND

### A.    Defendant's Underlying Offenses[1]

Defendant created the corporation Data Management, Inc. ("ADM") in Washington, D.C., in the early 1980s. *United States v. Dale*, 991 F.2d 819, 826 (D.C. Cir. 1993). ADM eventually obtained a contract to sell computers to the United States Army and thereafter expanded into Europe and Asia. *Id.* One of ADM's employees, David Bowers, left the company in 1987 after secretly taping telephone conversations between himself and defendant. *Id.* Bowers subsequently assisted a government investigation of ADM's operations that led to

---

[1] *See United States v. Dale*, 991 F.2d 819, 826–31 (D.C. Cir. 1993) for a more detailed explanation of the facts underlying defendant's convictions.

defendant's indictment and conviction. *Id.* Defendant's conviction was based on her fraudulent

tax treatment of various financial transactions involving ADM's Asian and European operations

and on certain alleged misrepresentations or nondisclosures on government forms completed by

defendant and her co-defendant, David Dale. *Id.*

### B.      Procedural History

Defendant was indicted in 1990 on seven counts related to conspiracy, tax, and fraud

offenses.[2] Presentence Investigation Report ("PSR") 1c, ¶¶ 1–2, Sept. 28, 1990. Defendant was

convicted on all counts after a jury trial. PSR ¶ 3.  In 1991, the district court sentenced defendant

to 37 months imprisonment for the conspiracy conviction and concurrent 30-month terms for

each of the remaining convictions. Am. J. & Commitment Order 1–2, July 18, 1991.  The D.C.

Circuit affirmed all of defendant's convictions but remanded the case to the district court for

resentencing on a merger of convictions issue.[3]  *Dale*, 991 F.2d at 858–59.  In response to the

D.C. Circuit's holding, the district court vacated Count Three[4] and re-sentenced defendant to

concurrent terms of six months for each of the remaining counts.  Am. J. & Commitment Order

(Resentencing), June 6, 1996.

---

[2] Specifically, the counts were as follows: (1) Conspiracy in violation of 18 U.S.C. § 371 ("Count One"); (2) Aiding and Assisting in the Preparation of a False and Fraudulent tax Return in violation of 26 U.S.C. § 7206(2) ("Count Three"); (3) Attempted Tax Evasion and Aiding & Abetting in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2 ("Count Four"); (4) Wire Fraud and Aiding & Abetting in violation of 18 U.S.C. §§ 2, 1343 ("Count Five"); (5) two counts of Concealing Facts by Trick, Scheme, and Artifice and Aiding & Abetting in violation of 18 U.S.C. §§ 2, 1001 ("Counts Six and Eight"); and (6) making False Statements and Aiding & Abetting in violation of 18 U.S.C. §§ 2, 1001 ("Count Ten").  Presentence Investigation Report ("PSR") 1c, 2, Sept. 28, 1990.
[3] Defendant argued on appeal that her conviction under 26 U.S.C. § 7206 (Count Three) merged with her conviction under 26 U.S.C. § 7201 (Count Four) because both of the IRS counts "rest[ed] on the same two [tax] deductions." *Dale*, 991 F.2d at 858.  The D.C. Circuit agreed with defendant, explaining that "under appropriate circumstances, lesser section 7206 offenses merge with the 'capstone' prohibition of section 7201.  *Id.*  One of those "appropriate circumstances" was "'where proof of willfully attempted evasion under § 7201 also proves, *as an incident to the willful evasion*, the preparing and subscribing of a fraudulent return, the specific form of fraudulent conduct merges in the inclusive fraud charged under § 7201.'"  *Id.* (citation omitted).  The court instructed the district court "to vacate the sentences for the section 7206 offenses and to resentence defendants pursuant to the section 7201 convictions."  *Id.* at 859.
[4] Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Tax Return in violation of 26 U.S.C. § 7206(2).

Defendant filed a timely Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 on June 27, 1997,[5] claiming several constitutional violations. Def.'s M. 1, 4–6, ECF No. 120. The Court never acted on the Motion. In 2002, defendant filed a supplement to her Motion in which she dropped all claims except one: a violation of her Sixth Amendment right to a jury trial. Def.'s Mem. 1, ECF No. 139, Oct. 21, 2002. Defendant claims that she was denied a jury trial because the trial judge instructed the jury that the question of materiality was a question of law for the court to determine. The government opposes defendant's motion on the ground that the motion is procedurally barred. Gov.'s Opp'n 1, ECF No. 146.

## II.    LEGAL STANDARD

### A.    2255 Motion

A motion under 18 U.S.C. § 2255 allows federal prisoners to collaterally attack an otherwise final sentence if the sentence was (1) imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. §2255(a). The petitioner bears the burden of proof under § 2255 and must demonstrate her right to relief by a preponderance of the evidence. *United States v. Pollard*, 602 F. Supp. 2d 165, 168 (D.D.C. 2009). Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments. *United States v. Zakas*, 793 F. Supp. 2d 77, 79–80 (D.D.C. 2011). Thus, a collateral attack under § 2255 is neither a second chance at appeal nor is it a substitute for direct appeal; a defendant is therefore required to show "a good deal more than would be sufficient on a direct appeal" to gain

---

[5] The judgment on resentencing was entered on the docket on June 17, 1996, and no appeal was taken. *See* Am. J. & Commitment Order (Resentencing), June 6, 1996. The convictions accordingly became final ten business days later on July 1, 1997, pursuant to the then-applicable Federal Rules of Appellate Procedure 4(b) and 26(a)(2). *See United States v. Shelton*, 539 F. Supp. 2d 259, 266–67 & n.9 (D.D.C. 2008) (citing Fed. R. App. P. 4(b), 26(a)(2); *Clay v. United States*, 537 U.S. 522, 527–31 (2003)). The time to appeal under § 2255(f) did not expire until July 1, 1997.

collateral relief. *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992); *United States v. Frady*, 456 U.S. 152, 166 (1982) ("To obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal."). A district court may deny a § 2255 motion without a hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996).

### B.    Cause & Prejudice Requirement for Claims Not Raised on Direct Appeal

Generally, claims not raised on direct appeal may not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments. *Id.* If a defendant failed to contemporaneously object to a claimed trial error or if a defendant failed to raise the claim on direct review, the claim may be raised on collateral review only if the defendant can first demonstrate either that the defendant is "actually innocent" or that there is sufficient "cause" excusing her double procedural default as well as "actual prejudice" resulting from the errors of which she complains. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (citations omitted).

### C.    Sixth Amendment Right to a Jury Trial

The Sixth Amendment's right to a jury trial "gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." *United States v. Gaudin*, 515 U.S. 506, 511 (1995). However, in criminal cases, as in civil cases, the jury does not have the power to determine *pure* questions of law and a court is "permitted to instruct the jury on the law and insist that the jury follow his instructions." *See id.* at 513 (citing

*Sparf v. United States*, 156 U.S. 51, 105–06 (1895)). Prior to 1995, the "unanimous verdict of the federal courts" was to consider "materiality"[6]—even when it was an element of a charged crime—as a question of law for the court's determination rather than the jury's. *United States v. Bridges*, 717 F.2d 1444, 1448 (D.C. Cir. 1983); *see also United States v. Paxson*, 861 F.2d 730 (D.C. Cir. 1988) (rejecting a criminal defendant's Sixth Amendment challenge of a court's determination of materiality in his jury trial); *Sinclair v. United States*, 279 U.S. 263, 298 (1929) ("[T]he materiality of what is falsely sworn, when an element in the crime of perjury, is one for the court."). However, in 1995, the Supreme Court disrupted that uniform practice in *Gaudin* by holding that the Sixth Amendment requires the issue of materiality to be determined by a jury when materiality is an element of the charged crime. *Gaudin*, 515 U.S. at 522–23. The Court found that because materiality requires some findings of fact, materiality is not a pure question of law and neither tradition nor *stare decisis* justified the continued application of an unconstitutional practice. *Id.* at 512–13, 518–23.

*Gaudin* was decided on June 19, 1995—two years after the D.C. Circuit remanded defendant's appeal but before the district court resentenced defendant in 1996. *See Gaudin*, 515 U.S. at 506; *Dale*, 991 F.2d at 859; Am. J. & Commitment Order (Resentencing), June 6, 1996. The Supreme Court has held that *Gaudin* applies retroactively when a defendant's case was "not yet final" at the time *Gaudin* was decided. *Johnson v. United States*, 520 U.S. 461, 467 (1997). Because defendant was still awaiting resentencing when the Supreme Court decided *Gaudin*, defendant's case was "not yet final," and *Gaudin* applies to defendant's case.

---

[6] The two statutes under which defendant was convicted, 26 U.S.C. 7206(1)–(2) and 18 U.S.C. 1001, require as an element of the crime that the false statements made by defendant be "material." The statutes do not define "material," but the Supreme Court has held that "in general, a false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.'" *Neder v. United States*, 527 U.S. 1, 16 (1999) (citing *United States v. Gaudin*, 515 U.S. 506, 509 (1995)).

## III.   DISCUSSION

### A.   Preservation of Claim for Collateral Review

Defendant claims, as the basis for her § 2255 Motion, a violation of her Sixth Amendment right to a jury trial due to the trial court's determination that materiality was a question of law to be determined by the court rather than a finding of fact to be determined by the jury.[7] Def.'s Mem. 1.   However, the government claims that because defendant failed to preserve her claim at trial and on direct appeal, she must first establish the requisite "cause" and "prejudice" before the Court can properly entertain her Motion.   Gov.'s Opp'n 5–6.   Defendant argues that she properly preserved her claim at trial, claiming that "defendants did object during the conference on jury instructions" to the trial court's "proposed explicit instruction that materiality had been proven" on the identified counts.   Def.'s Mem. 12–13 (citing 7/13/90 Tr. at 3878–79).   However, the defense did not object to the court's decision to determine materiality as a matter of law, Def.'s Mem. 13, but rather to the court's *wording* of the proposed instruction for the sole purpose of preventing the defendant from being prejudiced in the minds of the jury:

> Mr. Spaeder [Defense Counsel]: Assuming that Your Honor were to . . . rule as a matter of law that the omissions charged in Counts 6 through 10 are material, it would be the defendants' position that in instructing the jury the language Your Honor should use is that the issue of materiality is one for the Court to decide, and you are not charged with making a decision on the issue of materiality in this case, without suggesting to the jury what Your Honor's ruling is with respect to materiality.
>      To tell the jury that you have determined as a matter of law that the omission were material, I think sends a very grave judicial signal to the jury that somehow the Court has cast its imprimatur on one of the essential elements of the offense . . . as long as as [sic] we can get a formulation which does not appear to tilt Your Honor's message to the jury one way or the other.

---

[7] Regarding materiality, the trial court instructed the jury as follows:
> Now, Ladies and Gentleman, with regard to the matter of materiality referred to in counts 2, 3, 6, 7, 8, 9, and 10 in the indictment, I hereby instruct you that these matters are material.   However, you are still required to consider every element of those offenses.   Should you find that the government has failed to prove any of the other elements of any of those offenses beyond a reasonable doubt, then you must find the defendants not guilty of that count.

Tr. 4546–47, July 19, 1990.

. . .

Obviously, the jury will not be asked to render a judgment on materiality.

Tr. 3878–80, July 13, 1990.

Because defendant "did not object to [the court's] withholding [of] the element of materiality from the jury," defendant did not preserve her current claim at trial. Fed. R. Crim. P. 30; *see also Johnson*, 520 U.S. at 465–66 (noting that Fed. R. Crim. P. 30 "is simply the embodiment of the 'familiar' principle that a right "'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it'"") (citations omitted). Defendant also failed to raise her present claim on direct appeal. That failure alone requires defendant to satisfy the "cause and prejudice" or "actual innocence" standard in order for this court to consider defendant's collateral Motion.[8] *Frady*, 456 U.S at 167. As defendant has not professed actual innocence, she must show both (1) "cause" excusing her double procedural default and (2) "actual prejudice" resulting from the errors of which she complains. *Pettigrew*, 346 F.3d at 1144. Defendant has failed to show either.

---

[8] Though defendant argues that she could not have raised the materiality issue at trial or on direct appeal because *Gaudin* had not yet been decided, such a claim, even if true, does not suddenly turn defendant's collateral challenge into a direct a review. *See Frady*, 456 U.S. at 166–68.

The retroactive application of *Gaudin* to defendant's case would allow a "plain error" review on *direct appeal*, as that is the effect of *Gaudin*'s retroactivity. *See, e.g., Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (Supreme Court applying the "plain error" standard to a retroactive application of *Gaudin* when reviewing a direct appeal). However, because defendant's motion is a *collateral* challenge rather than a direct appeal, the Court must *first* establish that defendant satisfies the cause-and-prejudice standard before the Court may consider whether defendant's claimed error, though procedurally forfeited, may nonetheless be remedied under the "plain error" doctrine of Rule 52(b) of the Federal Rules of Criminal Procedure. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

In sum, *because defendant brings a collateral challenge* and did not raise her present claim on direct appeal, she must *first* satisfy the cause-and-prejudice standard regardless of her reason for failing to raise the claim on direct appeal. *Frady*, 456 U.S. at 166–68. Defendant's inability to raise a claim on direct appeal, as she claims, is properly dealt with and considered by the "cause" prong of the cause-and-prejudice standard and, if cause is satisfied, thereafter by the "plain error" standard. *See, e.g., id.* at 168 n.16; *Olano*, 507 U.S. at 732.

**B. Prejudice**

To establish "actual prejudice," defendant "must shoulder the burden of showing, not merely that the errors at [her] trial created a *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Pettigrew*, 346 F.3d at 1144 (citing *Frady*, 456 U.S. at 170). Defendant must *at least* demonstrate that "there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different." *Id.* (citing *United States v. Dale*, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998) (quoting *Strickland v. Washington*, 466 U.S 668, 694 (1984)). The showing of prejudice required to overcome procedural default on collateral review "'is significantly greater than that necessary' to establish plain error on direct review." *Id.* (citations omitted).

The facts of defendant's case are similar to the facts in *Johnson*. In *Johnson*, the defendant-appellant was convicted, before *Gaudin* was decided, of a crime of which materiality was an element and failed to object to the jury instructions that made materiality a question for the court rather than for the jury. 520 U.S. at 463. However, unlike the present case, the defendant-appellant in *Johnson* raised the *Gaudin* issue on direct appeal as a "plain error." *Id.* The Supreme Court, considering whether or not the jury instruction constituted "plain error," held that it did not because the "evidence supporting materiality was 'overwhelming'" and because the issue of materiality was "essentially uncontroverted at trial" and "remained so on appeal." *Id.* at 469–70 (citations omitted).[9] Though the standard for determining "prejudice" for

---

[9] The Supreme Court went on to note that there was "no basis for concluding that the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings,'" and noted that it would be the reversal of the conviction, rather, that would have such an effect, as "'[r]eversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it.'" *Johnson*, 520 U.S. at 470.

The Supreme Court also explained that a failure to submit materiality to the jury is not a "structural error" that avoids harmless-error review, but rather an error in the trial process that is subject to harmless-error review similar to that of a mistake in instructing the jury on an element of the charged offense. *Id.* at 469. The Court ultimately did not make a finding as to whether or not the jury instruction "affected [the defendant's] substantial

entertaining collateral claims is different than the standard for plain error, the standard for determining prejudice in this context is a *more stringent* standard. *Pettigrew*, 346 F.3d at 1144–45 (citing *Murray v. Carrier*, 477 U.S. 668, 694 (1984)); *id.* at 1145 n. 13 ("[A] prisoner must, at a minimum, satisfy all of the requirements of the plain error standard in order to succeed in a collateral attack.").

Here, each justification used by the Supreme Court to find a lack of "plain error" is present in defendant's case: the "evidence supporting materiality was 'overwhelming,'" and the issue of materiality was "essentially uncontroverted at trial" and "remained so on appeal," and defendant has "presented no plausible argument" that the statements for which she was convicted were not material. *See Johnson*, 520 U.S. at 469–70; *see also Dale*, 140 F.3d at 1057 (D.C. Circuit concluding the same thing with regard to one of defendant's codefendant's collateral challenge of the materiality determination). Defendant did not object to the issue of materiality at trial and did not raise the issue on direct appeal. Though the law in the D.C. Circuit was settled on the issue, such an objection was not so novel that defendant did not have the "tools to construct [her] constitutional challenge."[10] *Engle v. Isaac*, 456 U.S. 107, 132–34 (1982) ("Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling

---

rights" because the Court found that the defendant's claim did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings—the final requirement for plain error. *Id.* at 469–70.

[10] *See United States v. Tandon*, 111 F.3d 482 (6th Cir. 1997) (noting that, by the early 1990s, "a crack in the 'wall of authority' that materiality was an issue for the judge to decide had begun to appear" and that, therefore, "an objection to a materiality instruction . . . would not necessarily have been futile."); *see, e.g., United States v. Taylor*, 693 F. Supp. 828 (N.D. Cal. 1988) (holding that the issue of materiality was one for the jury); *United States v. Valdez*, 594 F.2d 725 (9th Cir. 1979) (holding that materiality, if an essential element of a charged crime, must be determined by the jury "as with all of the other elements of the offense charged"), *abrogated on other grounds by United States v. Gaudin*, 997 F.2d 1267 (9th Cir. 1993), *aff'd in part and rev'd on other grounds on reh'g*, 28 F.3d 943 (9th Cir. 1994) (en banc), *aff'd*, 515 U.S. 506 (1995); *People v. Hedgecock*, 51 Cal.3d 395, 399 (Cal. 1990) (holding that materiality is an issue for the jury); *Grizzle v. Guarantee Ins. Co.*, 602 F.. Supp. 445, 467 (N.D. Ga 1984) (noting that, under Georgie law, issue of materiality was normally for the jury); *cf. United States v. Voorhees*, 593 F.2d 346 (8 th Cir. 1979) (holding that the "jury was properly instructed" on the issue of materiality); *see also Jeffries v. Economical Life Ins.Co.*, 89 U.S. 47 (1874) (holding that materiality was a "fact for the jury").

alleged unawareness of the objection as cause for a procedural default."). Regarding the evidence of materiality at trial, defense counsel in the present case did not dispute proof of materiality at all and in fact stated: "Obviously, the jury will not be asked to render a judgment of materiality."[11] In *Johnson*, the defendant's counsel actually *did* argue at trial that "the element of materiality has been insufficiently proven and . . . the Court ought to grant a judgment of acquittal;" yet the Supreme Court found that, despite defense counsel's statement, "[m]ateriality was essentially uncontroverted at trial." *Id.* at 470.

Additionally, the D.C. Circuit Court considered one of defendant's co-defendant's exact same Sixth Amendment collateral claim regarding the jury instruction on materiality and dismissed his claim for lack of prejudice without deciding the "cause" prong. *United States v. Dale*, 140 F.3d 1054, 1056–57 (D.C. Cir. 1998). The Circuit Court explained:

> Dale has suggested no facts or theory to rebut the district judge's legal conclusion that the charged nondisclosures were material to the Department's decision whether to grant clearance. . . . In the absence of any basis for finding Dale's misrepresentations were not material, we cannot say that the judge's failure to submit materiality to the jury "worked to [Dale's] actual and substantial disadvantage." The failure therefore was not prejudicial.

Defendant in the present case has also failed to provide the Court with "any basis" upon which to find that materiality was not established by "overwhelming evidence." *See* Gov.'s Opp'n 14. *See generally* Def.'s Mem. in Supp. of M. to Vacate Sentence, Oct. 21, 2002, ECF No. 139.

Thus, the Court finds that defendant has not proven the requisite prejudice for her collateral claims to be considered. Because defendant must prove *both* prejudice and cause in order to have her present claims considered, this Court does not need to determine whether or not defendant can show the requisite "cause." Finally, defendant's motion does not require a

---

[11] Defendant points out that the element of materiality was contested in pretrial motions, which were denied by the district court. *See United States v. Dale*, 782 F. Supp. 615, 625–26 (D.D.C. 1991). However, such challenges to materiality in pretrial motions do not show that materiality *continued* to be controverted *at trial*.

hearing, as her claim is procedurally barred because she has failed to show the requisite prejudice to overcome her procedural default. *See Morrison*, 98 F.3d at 625.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in § 2255 proceeding. *See* 28 U.S.C. § 2255(c)(1)(B). When the denial of a § 2255 motion is based on the merits of the claims, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). Furthermore, the Supreme Court has stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Such a showing can be made when precedent clearly demonstrates that courts have come to divergent conclusions based on analogous facts. Because defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of petitioner's motion, the Court declines to issue a certificate of appealability. *See, e.g., Dale*, 140 F.3d at 1056–57 (D.C. Circuit finding same claim as defendant's procedurally barred due to lack of requisite prejudice based on facts analogous, if not the same, to defendant's case).

## V.    CONCLUSION

Defendant has failed to show the requisite prejudice for this court to properly consider the collateral claims in defendant's Motion on which defendant procedurally defaulted.    Thus, defendant's Motion is DENIED.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on April 18, 2013.